UNITED STATES of America

v.

Cadido DE LOS SANTOS, Andre Faircloth, Julio Perez, Ramon Perez, Theodore Mierzwa; Eddie Castillo–Tamarez, and Edward Tirado, Defendants.

No. 95–CR–48 (FJS).

United States District Court, N.D. New York.

Nov. 10, 1995.

**92**

Thomas J. Maroney, United States Attorney (NDNY), Syracuse, New York (Brenda K. Sannes, Asst. U.S. Atty., of counsel), for Plaintiff.

Office of Ronald J. Pelligra, Syracuse, New York (Ronald J. Pelligra, of counsel), for Defendant Theodore Mierzwa.

## DECISION AND ORDER

SCULLIN, District Judge:

■ This matter is before the Court on Defendant Theodore Mierzwa's motions to suppress statements and evidence obtained by the government.[1] These motions were part of an omnibus motion filed July 7, 1995. The Court denied most of defendant's motions on August 17, 1995, for the reasons stated in the record at that time. A suppression hearing was held on September 5, 1995, in Syracuse, New York, to consider defendant's motion to suppress.

## FACTUAL BACKGROUND

On February 9, 1995, a federal grand jury returned an indictment charging seven defendants, including defendant Theodore Mierzwa, with conspiring to distribute and possess with intent to distribute cocaine base.[2] The indictment also charged defendant Mierzwa with possessing with intent to distribute cocaine base on July 14, 1994.

---

1. Defendant also seeks to suppress statements and evidence obtained from co-conspirators. However, defendant lacks standing to challenge the admissibility of evidence or statements obtained from others. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

2. A superseding indictment was filed June 15, 1995, to correct typographical errors in the last count of the February 9th indictment.

Federal agents arrested defendant Mierzwa pursuant to a federal arrest warrant at his one bedroom efficiency apartment on February 28, 1995 at approximately 11:20 in the morning. Upon arriving at defendant's apartment Deputy United States Marshal Joe Ciciarelli handcuffed defendant and placed him under arrest. Deputy Ciciarelli asked defendant if agents could search the apartment. Defendant replied by stating "go ahead, do what you want." The agent's guns were not drawn and no threats were ever made.

Defendant was seated on the floor of the apartment and was able to see the agents as they searched the apartment for approximately five minutes. The agents found a scotch whiskey metal container underneath defendant's bed which contained hypodermic needles and drug paraphernalia. Agents also found baking soda, and a blue drinking cup on a nightstand next to defendant's bed. The blue cup contained drug paraphernalia including a crack pipe, tweezers, plastic packaging, and a glass tube.[3]

After these items were seized, Drug Enforcement Administration Agent Dave Lewis arrived and asked defendant if he would sign a consent to search form. Defendant refused and stated that he was not going to sign anything. Agent Lewis brought defendant out to his vehicle and read him his *Miranda* rights. When asked if he understood these rights defendant responded in the affirmative. Later that same day defendant asked Agent Kerwin how the government found him. Agent Kerwin showed defendant pictures of Julio and Ramon Perez and defendant acknowledged that he knew both of them. On March 8, 1995, defendant made statements to the police regarding alleged drug dealing activities in exchange for limited use immunity.[4]

## DISCUSSION

### I. Suppression of Physical Evidence

■ Evidence discovered during the course of a consent search is admissible against a defendant. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973). The government bears the burden of proving by a preponderance of the evidence that the consent was freely and voluntarily given. *Id.* at 222, 93 S.Ct. at 2045; *United States v. Deutsch*, 987 F.2d 878, 883 (2d Cir.1993). The court considers the totality of the circumstances when considering whether consent was free and voluntary. *Id.* Some factors courts consider include: (1) the defendant's age and education, (2) whether he was intoxicated or under the influence of drugs, (3) whether *Miranda* rights were given, (4) whether defendant has previous arrests or encounters with the criminal justice system, (5) the environment in which the consent was obtained, (6) the length of time defendant was detained, (7) whether any threats or promises were made by the police, (8) whether the defendant was arrested or in custody, (9) whether consent was given in public or secluded place, and (10) whether defendant voiced any objections to the search. *United States v. Chaidez*, 906 F.2d 377, 381 (8th Cir.1990); *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1988).

■ In this case, defendant was arrested in his one bedroom apartment, he was not read his *Miranda* rights until after the search took place, and he later refused to sign a consent to search form. However, a defendant's refusal to sign a consent to search form does not vitiate consent. *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1988) (citing *North Carolina v. Butler*, 441 U.S. 369, 375–76, 99 S.Ct. 1755, 1758–59, 60 L.Ed.2d 286 (1979) (holding that the defendant had orally waived his right to remain silent even though he refused to sign a waiver form)); *United States v. Boukater*, 409 F.2d 537, 539 (5th Cir.1969). Moreover, the physical evidence in this case was seized prior to defendant's refusal to sign the consent to search form.

---

3. At some point the agents also found a pellet gun on the floor next to defendant's bed.

4. The government agreed not use defendant's admission on March 8, 1995 in its case in chief, but reserved the right to use any statements to rebut evidence offered by defendant, or to cross examine defendant, at trial.

■ Defendant is thirty years old, there is no evidence that defendant was intoxicated or under the influence of any drugs at the time of his consent, he was only detained for approximately five minutes, and he was not threatened or intimidated in any way by the agents. In addition, Defendant has been arrested four times prior to this arrest and proceeded to trial in two of those cases. A defendant who has been previously arrested is more likely to be aware of the rights of accused persons, and less likely to be intimidated by agents' show of force. *United States v. Barnett*, 989 F.2d 546, 556 (1st Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 148, 149, 126 L.Ed.2d 110 (1993).

■ In light of the above, the Court finds that defendant freely and voluntarily consented to the search of his apartment. Defendant's motion to suppress the evidence seized during that search is DENIED.

## II.  Suppression of Statements

■ The government has the burden of proving by a preponderance of the evidence that the defendant knowingly and voluntarily waived his *Miranda* rights. *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). In making this determination the court should consider the particular facts and circumstances surrounding the case. *Id.*

In this case, defendant was read his *Miranda* rights and expressly stated that understood each of them. The Court notes that defendant initiated conversation with Agent Kerwin. Defendant also has prior experience with the criminal justice system which indicates that he was aware of his rights and less likely to be intimated by the agents. *Barnett*, 989 F.2d at 556.

■ Therefore, the Court finds that defendant knowingly and voluntarily waived his *Miranda* rights and defendant's motion to suppress his statements is DENIED.

## III.  Conclusion

Having reviewed the papers submitted in support of and opposed to defendant's motions, and having heard testimony and oral argument at the suppression hearing on September 5, 1995, it is hereby,

ORDERED that Defendant Theodore Mierzwa's motion to suppress statements and evidence obtained from him and from co-conspirators is DENIED; and it is further

ORDERED that defendant's motion for a bill of particulars is DENIED; and it is further

ORDERED that defendant's motions for discovery of his prior statements, *Brady* material, and other items is DENIED; and it is further

ORDERED that defendant's motion seeking disclosure of Rule 404(b) material is DENIED; and it is further

ORDERED that defendant's motion for disclosure of government's intention to use evidence arguably subject to suppression is DENIED; and it is further

ORDERED that defendant's motion for disclosure of the government's witness list and informant's identity is DENIED; and it is further

ORDERED that defendant's motion for additional preemptory challenges and for the right to exercise them separately is DENIED; and it is further

ORDERED that defendant's requests for a hearing to determine the admissibility of co-conspirators' statements is DENIED; and it is further

ORDERED that defendant's motion for an audibility hearing is DENIED; and it is further

ORDERED that defendant's motion to suppress any pre-trial identification of defendant is DENIED; and it is further

ORDERED that defendant's motion reserving the right to make further motions is GRANTED and defendant will be able to make further motions upon a showing of good cause under Fed.R.Crim.P. 45(b); and it is further

ORDERED that the government's motion for reciprocal discovery is GRANTED.

**IT IS SO ORDERED.**